*1016 STEWART, J.,
concurs.
|,In July or August of 2003, the appellant and Lasheka Drew began dating. The appellant testified that he believed that they were committed to one another and that no one else was involved in their relationship at that time. Lasheka never informed the appellant that she was still involved in a sexual relationship with her ex-boyfriend, William Cartwright. She never informed the appellant that there existed a possibility that the baby could have been fathered by another man. Based on the record, Lasheka believed the appellant to be the biological father because “she had protected sex” with her ex-boyfriend and had “unprotected sex” with the appellant within the same course of time.
In September or October of 2003, Lasheka discovered that she was pregnant. For this reason, the appellant married Lasheka in December of 2003. The appellant attended prenatal appointments and was present at the birth of the child. Six months later, on June 14, 2004, the minor child was born. On November 7, 2007, the appellant and Lasheka were divorced. In April of 2008, Lasheka petitioned the court for child support. At the request of the appellant, a DNA test was performed. The results showed that the appellant was not the biological father of the minor child. Lasheka now admits that the ex-boyfriend is the child’s biological father. Based on the record, she has no idea where William Cartwright is.
The relevant section of Louisiana Civil Code article 189 states, “The action for disavowal of paternity is subject to a liber-ative prescription of one year. This prescription commences to run from the day the husband learns Lor should have learned of the birth of the child.” Referred to as one of the strongest presumptions known in law, the husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage. La. C.C. art. 185.
Here, the appellant was the husband of the mother and is presumed to be father of the minor child, who was born during the marriage. Therefore, prescription would have commenced from the birth of the child, namely on June 14, 2005. Under our law, the appellant is now barred from filing an action for disavowal of paternity and is presumed to be the putative or legal father. Thus, the appellant must pay child support for a non-biological child until his 18th birthday.
This existing anomaly unfairly forces a putative father to support a non-biological child, while the biological father escapes financial responsibility. In commenting on this injustice, Louisiana scholar Robert Pascal stated,
‘We must shut our eyes to the obvious immorality of life in our times to such an extent as both to impose injustly on a man the status and obligations of legitimate paternity, with all they imply in terms of support and succession, and to add insult to injury by stamping him officially with the mark of the cuckold. This cannot but produce a feeling of contempt for both legislation and the administration of justice.” Rachel L. Kovach, Comment, Sorry Daddy — Your Time Is Up: Rebutting the Presumption of Paternity in Louisiana, 56 Loy. L.Rev. 651, 653 (2010).
Louisiana Civil Code article 3467 provides that prescription runs against all persons unless exception is established by legislation. In addition, Louisiana has recognized the ancient civilian, equitable doctrine of | .¡contra non valentem agere nulla currit praescriptio (contra non valentem), to prevent the running of liberative pre *1017 scription in certain cases. The doctrine of contra non valentem stands for the proposition that prescription does not run against those who cannot act. Louisiana jurisprudence establishes that contra non valentem applies to prevent the running of liberative prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (8) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Corsey v. State ex rel. Dep’t of Corrections, 375 So.2d 1319, 1321-22 (La. 1979).
Contra non valentem should be applied in matters like this one, where the mother withheld information that would have led the appellant to believe he was the biological father of the child and thereby prevented him from availing himself of the disavowal action. Alternatively, in light of the reliable and common use of DNA testing to determine paternity, we can urge the legislature to consider whether to extend the prescriptive period to when the putative father learns or has reason to suspect that he is not the biological father. For these reasons, I respectfully concur.